## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SACHA B. DAUGHERTY,                                :        Case No. 1:19-cv-600
                                                   :
     Plaintiff,                                :        Judge Timothy S. Black
                                                   :        Magistrate Judge Stephanie K. Bowman
vs.                                                :
                                                   :
COMMISSIONER OF SOCIAL                             :
SECURITY,                                          :
                                                   :
     Defendant.                                :

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 12) AND
## TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United

States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the

Magistrate Judge reviewed the pleadings filed with this Court and, on June 18, 2020,

submitted a Report and Recommendation.  (Doc. 12).  Plaintiff filed objections on June

23, 2020.  (Doc. 16).  Defendant filed a response to Plaintiff's objections on July 6, 2020.

(Doc. 14).

After reviewing the Report and Recommendation, Plaintiff's objections,

Defendant's response to Plaintiff's objections, and the case record,[1] the Court finds that

---

[1] This is Plaintiff's second judicial appeal in the Southern District of Ohio.  The prior action resulted in remand for further review by a new Administrative Law Judge ("ALJ").  (*See* Tr. 1061–85).  The Report and Recommendation provides a summary of the Administrative Record. (Doc. 12 at 1–4).

Plaintiff's objections are not well-taken.  Plaintiff's rambling objections are largely

restatements of her arguments in the Statement of Specific Errors (Doc. 7), and do not

identify any actual errors in the Report and Recommendation.

First, Plaintiff seems to contend that the Magistrate Judge erred in finding that the

second ALJ, Stuart Adkins, adequately explained the basis for not including a limitation

for "supportive supervision" in the residual functional capacity ("RFC") assessment.

(Doc. 13 at 2–4).  This objection lacks merit.  The Court finds that the Magistrate Judge

properly reviewed the ALJ's analysis in great detail, and agrees with the Report and

Recommendations conclusion that ALJ Adkins "went to great length to explain why he

believed that the mental limitations provided in the RFC were sufficient."  (Doc. 12 at 8).

The Court finds no error in the ALJ's exclusion of a "supportive supervision" limitation

from the RFC assessment.

Plaintiff also argues that the ALJ and Magistrate Judge erred in failing to evaluate

the number of days Plaintiff would miss from work each month.  (Doc. 13 at 4).

Although Plaintiff may not agree with the Magistrate Judge's finding, the Court agrees

with the Report and Recommendation that the ALJ relied on substantial evidence when

he "reasonably rejected additional fatigue-related limitations including an opinion that

[Plaintiff] would miss four days of work per month."  (Doc. 12 at 15).

Next, Plaintiff argues that the ALJ erred by giving Dr. Hoyle "significant weight"

and erred on the weight assigned to the opinions of Plaintiff's treating psychiatrist (Dr.

Onady), and that the Magistrate Judge's analysis on this "is not well-founded."  (Doc. 13

at 5).  This objection is meritless.  The Report and Recommendation thoroughly and

properly analyzes the weight accorded to Dr. Hoyle and Dr. Onady by the ALJ.  (Doc. 12 at 9–13).  The Court agrees with the Report and Recommendations conclusion that the ALJ did not err in his assessment of opinion evidence.

Finally, Plaintiff argues that the ALJ erred "with improper hypothetical questions to the vocational expert," and that the Magistrate Judge's analysis on this issue is "not well-taken."  (Doc. 13 at 6).   Yet it is Plaintiff's objection that is not well-taken.  The Court fully agrees with the Report and Recommendation's finding of "no error in the hypothetical RFC limitations posed by the ALJ to the vocational expert in this case." (Doc. 12 at 19–20).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that Plaintiff's objections (Doc. 13) should be and are hereby **OVERRULED** and the Report and Recommendation (Doc. 12) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1)  The Commissioner's non-disability decision is **AFFIRMED**, as that decision is supported by substantial evidence;

2)  The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:   9/30/2020                         *s/Timothy S. Black*
                                          Timothy S. Black
                                          United States District Judge

3